PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VIRGIL COOPER, | ) | CASE NO. 1:16CV2861 |
| | ) | [1:14CR438] |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** |
| | ) | [Resolving ECF Nos. 114, 129, 130, 134] |

Pending before the Court is Petitioner Virgil Cooper's Motion to Vacate, Set-Aside, or Correct Sentence Under 28 U.S.C. § 2255. ECF No. 114. The Government filed a response (ECF No. 118), and Petitioner filed a reply (ECF No. 121). Petitioner also filed a Motion for Appointment of Counsel (ECF No. 129), a Motion for Leave to File an Amended 2255 Motion (ECF No. 130), and a Motion for Leave to File an Amended Reply to the Government's Response to His Motion Under 28 U.S.C. § 2255 (ECF No. 134). For the following reasons, the Court denies Petitioner's motion to vacate (ECF No. 114), Petitioner's motion for appointment of counsel (ECF No. 129), Petitioner's motion for leave to file an amended motion to vacate (ECF No. 130), and Petitioner's motion for leave to file an amended reply (ECF No. 134).

(1:16CV2861)

## I. Background

On December 9, 2014, Petitioner and co-defendant Ryan Malone were indicted and each charged with one count of Felon in Possession of a Firearm or Ammunition, in violation of 18 U.S.C. § 922(g)(1). ECF No. 1 at PageID #: 1-2. Petitioner pleaded guilty without a plea agreement. ECF No. 114 at PageID #: 764. The United States Probation Office prepared a Presentence Investigation Report ("PSR") in anticipation of sentencing. ECF No. 118 at PageID #: 785-86. Defense counsel filed objections to the PSR. *Id.* at PageID #: 786.

Petitioner, at sentencing, was assigned a total offense level of 29 and a criminal history category of IV. ECF No. 114 at PageID #: 776. His resulting Guidelines range was 121 to 151 months. *Id.* He was sentenced to 120 months of imprisonment, the maximum term of incarceration under 18 U.S.C. § 922(g). ECF No. 114 at PageID #: 764.

On appeal, appellate counsel filed an *Anders* brief, indicating "no colorable issues on appeal." ECF No. 118 at PageID #: 786. Petitioner filed a *pro se* response brief claiming several assignments of error. *Id.* On May 11, 2016, the Sixth Circuit affirmed the judgment of the Court. *Id.*

Petitioner filed his motion to vacate under 28 U.S.C. § 2255 on November 23, 2016. After the motion was fully briefed, Petitioner filed a motion to amend his Section 2255 petition. ECF No. 124. Thirteen days later, Petitioner moved to strike his motion to amend. ECF No. 126. The Court granted Petitioner's motion.

Petitioner then filed a motion to appoint counsel (ECF No. 129) and a second motion for leave to amend his Section 2255 petition (ECF No. 130). The Government filed a response in

2

(1:16CV2861)

opposition to Petitioner's motion for leave to amend. ECF No. 132. Finally, Petitioner filed a motion for leave to file an amended reply in support of his second motion for leave to amend. ECF No. 134.

## II. Standard of Review

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to prevail on a motion to vacate under Section 2255, the movant must allege as a basis for relief "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

## III. Discussion

### A. Motion to Vacate

Petitioner contends his sentence should be vacated for three reasons. First, Petitioner claims his plea of guilty was rendered involuntary because he was led to believe that the four level enhancement he received under U.S.S.G. § 2K2.1(b)(6)(B) would not be applied. Second, he argues his counsel was ineffective by failing to challenge his base offense level under *Johnson*

3

(1:16CV2861)

*v. United States*, 135 S. Ct. 2551 (2015).  Finally, Petitioner alleges his counsel was ineffective by failing to challenge his indictment as defective.

### 1. Voluntariness of Guilty Plea

A plea of guilty is valid if it is both voluntary and intelligent.  *Brady v. United States*, 397 U.S. 742, 747 (1970).  "The voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."  *Reed v. Farley*, 512 U.S. 339, 354 (1994) (quoting *Sunal v. Large*, 332 U.S. 174, 178 (1947)).  Accordingly, a petitioner's failure to challenge the voluntariness of his plea on direct appeal precludes him from doing so on a motion to vacate.  *Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999).

Petitioner claims that his plea of guilty was involuntary because he was "advised and/or induced to plead guilty with the understanding that the additional four level enhancement with another felony was taken off of the table and would not be applied."  ECF No. 114 at PageID #: 766.  In response, the Government argues Petitioner cannot attack the validity of his plea through his motion to vacate because he did not do so on direct appeal.  ECF No. 118 at PageID #: 791 n.1.  Petitioner does not address his failure to challenge the voluntariness of his guilty plea on appeal, either in his motion to vacate or in his reply brief.  Nor does he demonstrate that "cause and actual prejudice existed to excuse his failure to raise the issue on direct appeal[.]"  *Hampton*, 191 F.3d at 698 (internal quotation marks omitted).  Upon review of Petitioner's appellate filings (*United States v. Cooper*, No. 15-3745 (6th Cir.)), the Court is satisfied that Petitioner did not appeal the voluntariness of his guilty plea.  His failure to do so procedurally defaults his claim.  *See Hampton*, 191 F.3d at 698.

(1:16CV2861)

## 2. Ineffective Assistance of Counsel

Ineffective assistance of counsel may be a proper basis for relief under 28 U.S.C. § 2255, provided that the petitioner can demonstrate counsel's ineffectiveness by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006); *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003). To establish ineffective assistance of counsel, the petitioner must first demonstrate that counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. Next, the petitioner must show that counsel's deficient performance prejudiced the defense. *Id*. "This requires showing that counsel's errors were so serious as to deprive [the petitioner] of a fair trial, a trial whose result is reliable. Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id*.

Counsel's performance is deficient when the representation falls below an "objective standard of reasonableness." *Id.* at 688. A petitioner must overcome the strong presumption that counsel's conduct fell "within the wide range of reasonable professional assistance," and that "the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Not all errors by counsel are constitutional violations. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* The Court is not invited simply to "second-guess" trial counsel's assistance, and it is obligated to "indulge a strong presumption" that counsel's conduct was reasonable. *Id.*

5

(1:16CV2861)

Furthermore, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. To satisfy the prejudice requirement of *Strickland*, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The failure to satisfy either requirement is fatal to an ineffective-assistance claim. *Strickland,* 466 U.S. at 697.

### a. Failure to Object to Indictment as Defective

Petitioner contends his defense counsel was ineffective for failing to object to his indictment as defective. He claims that the indictment, by including the word "knowingly" and the phrase "serial number obliterated," contains elements outside the scope of 18 U.S.C. § 922(g)(1), the crime for which he was charged and indicted. ECF No. 114 at PageID #: 778. Petitioner avers these words are elements of 18 U.S.C. § 922(k), a crime for which he was not charged. *Id.* He argues that, as a result, he was not fairly informed of the charged against which he must defend. *Id.*

To obtain a conviction under 18 U.S.C. § 922(g)(1), the Government must prove, among other things, that "the defendant . . . knowingly possessed the firearm and ammunition specified in the indictment." *United States v. Daniel*, 134 F.3d 1259, 1263 (6th Cir. 1998). Because knowing possession is an element of 18 U.S.C. § 922(g)(1), the indictment's inclusion of the word "knowing" is not improper. Moreover, as the Government notes, the indictment includes reference to the make, model, and caliber of the firearm. ECF No. 118 at PageID #: 793; ECF

6

(1:16CV2861)

No. 1 at PageID #: 2.  The phrase "serial number obliterated" is an additional descriptor of the firearm in the indictment.  The inclusion of the phrase "serial number obliterated" in the indictment is not improper.

Accordingly, defense counsel was not ineffective by failing to object to the indictment as defective.

### b. Failure to Challenge Base Offense Level

Petitioner also claims ineffective assistance of counsel for failure to challenge Petitioner's base offense level, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).  Petitioner's base offense level was calculated as 24 because he was found to have committed the underlying offense after sustaining two or more felony convictions for crimes of violence or controlled substance offenses.  U.S.S.G. § 2K2.1(a)(2).  *Johnson*, decided on June 26, 2015, held that the definition of "violent felony" under the residual clause of the Armed Career Criminal Act was unconstitutionally vague.  *Johnson*, 135 S. Ct. at 2557.  Post-*Johnson*, the Sixth Circuit vacated and remanded Guidelines sentences pending on direct appeal for reconsideration.[1]  Appellate counsel, in filing its *Anders* brief, did not raise *Johnson* on appeal.

---

[1] On May 13, 2016, the Sixth Circuit extended *Johnson* to the United States Sentencing Guidelines.  *United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016).  On March 6, 2017, two months after the parties fully briefed Petitioner's motion to vacate, the Supreme Court held that Sentencing Guidelines were not subject to a void for vagueness challenge under the Due Process Clause, abrogating *Pawlak*.  *Beckles v. United States*, 137 S. Ct. 886, 894 (2017).  Because a post-*Beckles* appeal of Petitioner's base offense level would fail, a claim for ineffective assistance of counsel following such a failure to appeal would meet neither prong of the *Strickland* test.  At the time appellate counsel filed its *Anders* brief, however, the Sixth Circuit vacated and remanded similar matters for resentencing.  The Court accordingly continues its analysis.

(1:16CV2861)

Unlike the mandatory minimum sentences provided by statute under the Armed Career Criminal Act, the sentencing ranges in the Guidelines are advisory. *United States v. Booker*, 543 U.S. 220, 233 (2005). District courts are given "wide discretion to decide whether the offender should be incarcerated and for how long." *Mistretta v. United States*, 488 U.S. 361, 363 (1989). This includes broad authority to "vary from a Guidelines-specified range." *Irizarry v. United States*, 553 U.S. 708, 721 (2008).

Petitioner, at sentencing, was assigned a total offense level of 29 and a criminal history category of IV. ECF No. 114 at PageID #: 776. His resulting Guidelines range was 121 to 151 months. *Id.* He was sentenced to the maximum term of incarceration under 18 U.S.C. § 922(g) of 120 months. *Id.* at PageID #: 764. The Government concedes that, if appellate counsel raised *Johnson* on appeal, the Sixth Circuit would likely have vacated and remanded the matter for resentencing. To show prejudice, however, Petitioner would also have to show a reasonable probability that the Court would have given Petitioner a different sentence. *See Strickland*, 466 U.S. at 694.

The resentencing of Petitioner's co-defendant, Ryan Malone, is instructive. Like Petitioner, Malone pleaded guilty without a plea agreement. *United States v. Malone*, No. 17-2290, ECF No. 154 at PageID #: 1091. Malone's total offense level was calculated as 27 and his criminal history category was VI. *Id.* His resulting Guidelines range was 130 to 162 months. *Id.* The Court sentenced Malone to the statutory maximum of 120 months of imprisonment. *Id.*

Malone appealed under *Johnson*, and the Sixth Circuit vacated the judgment and remanded the matter for resentencing. *Id.* at PageID #: 1092. Malone's total offense level was

8

(1:16CV2861)

recalculated as 23.  *Id.* at PageID #: 1093.  His criminal history category remained VI.  *Id.*  Accordingly, his resulting Guidelines range was 92 to 115 months.  *Id.*  The Court, exercising its authority under 18 U.S.C. § 3553(a), varied upwards, imposing the same 120 month sentence on Malone.  *Id.*

Had Petitioner's sentence been vacated and remanded, the Court, as Petitioner notes, would have recalculated his total offense level as 25.  His criminal history category would have remained IV.  The resulting Guidelines range for a total offense level of 25 and Criminal History Category IV is 84 to 105 months of imprisonment.  ECF No. 114 at PageID #: 776.  Petitioner, however, neglects to show why the Court would not have varied upwards and imposed the same sentence on Petitioner as it did for Malone.  Because Petitioner has not shown a reasonable probability that, but for counsel's failure to raise *Johnson* on appeal, the result of the proceeding would have been different, Petitioner has not satisfied the prejudice requirement.

Accordingly, the Court denies Petitioner's motion to vacate (ECF No. 114).

**B.  Motion for Appointment of Counsel**

It is well-settled that, although a criminal defendant has a constitutional right to representation, even if the defendant cannot afford counsel, there is no similar right to counsel in civil litigation.  Plaintiff has no absolute right to be represented by counsel.  *See Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995) (the district court did not err in denying plaintiff a court-appointed attorney because he had no constitutional right to appointed counsel in a civil case); *see also Van Stevenson v. United States*, No. 17-733, 2018 WL 3802113, at *9

9

(1:16CV2861)

(W.D. Mich. Aug. 10, 2018) (denying motion to appoint counsel filed in conjunction with petitioner's 28 U.S.C. § 2255 motion).

Although there is no constitutional right to counsel in a civil case, *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003), the district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "The appointment of counsel to civil litigants is a decision left to the sound discretion of the district court, and this decision will be overturned only when the denial of counsel results in 'fundamental unfairness impinging on due process rights.'" *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993) (quoting *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992)). Appointment of counsel is appropriate in "exceptional circumstances," a determination which involves consideration of the "complexity of the factual and legal issues involved" and an examination of "the type of case and the abilities of the plaintiff to represent himself." *Id.* at 606.

The Court finds that it would be inappropriate to appoint counsel in this case. Petitioner has not made a showing of "exceptional circumstances, " and he has adequately demonstrated that he is capable of representing himself.

Accordingly, Petitioner's Motion for Appointment of Counsel is denied. ECF No. 129.

**C. Motion for Leave to File an Amended Motion to Vacate**

Petitioner also filed a motion for leave to file an amended motion to vacate. ECF No. 130. He claims that his prior convictions for burglary and felonious assault no longer qualify as crimes of violence under U.S.S.G. § 2K2.1(a)(2). *Id.* at PageID #: 908. This argument cannot be

10

(1:16CV2861)

raised for the first time on collateral review.[2] See Jones v. United States, 178 F.3d 790, 796 (6th Cir. 1999); see also Mallett, 334 F.3d at 496-97 (motion to vacate must challenge an error of constitutional magnitude, a sentence imposed outside the statutory limits, or an error of fact or law that was so fundamental as to render the entire proceeding invalid). Because Petitioner's amendment would be futile, the Court denies Petitioner's motion for leave to file an amended motion to vacate (ECF No. 130). See Foman v. Davis, 371 U.S. 178, 182 (1962).

### D. Motion for Leave to File an Amended Reply

Petitioner filed his motion for leave to file an amended reply (ECF No. 134) five months after he filed his reply brief (ECF No. 121). He requests leave to amend his reply to add additional legal support to his argument of ineffective assistance of counsel for failure to object to the indictment as defective. ECF No. 134 at PageID #: 935-36. He provides no reason for the delay. Moreover, Petitioner's proposed amendment to his reply are unpersuasive for the reasons stated above. For those reasons, the Court denies Petitioner's motion for leave to file an amended reply.

### IV. Conclusion

For the foregoing reasons, the Court denies Petitioner's motion to vacate (ECF No. 114), Petitioner's motion for appointment of counsel (ECF No. 129), Petitioner's motion for leave to file an amended motion to vacate (ECF No. 130), and Petitioner's motion for leave to file an amended reply (ECF No. 134). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an

---

[2] To the extent Petitioner is claiming ineffective assistance of counsel, his argument fails for the same reason as his ineffective assistance of counsel claim based on his appellate counsel's failure to bring a *Johnson* claim.

(1:16CV2861)

appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

  May 2, 2019                                    */s/ Benita Y. Pearson*
Date                                          Benita Y. Pearson
                                                United States District Judge