UNITED STATES DISTRICT COURT

NORTHEASTERN DISTRICT OF OHIO

FILED

APR 26 2024

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

UNITED STATES OF AMERICA

　　　　Plaintiff,

vs.

Case No. 1:14-CR-00438-2-BYP

VIRGIL COOPER

　　　　　　　Defendant

---

## VIRGIL COOPER'S MOTION TO TERMINATE PROBATION

Comes Now, Defendant, Virgil Cooper, pro se, hereby files this motion to Terminate Probation from conviction of 18 U.S.C. § 922(g)(1). In support of this motion Mr. Cooper States the following:

## I. LEGAL BACKGROUND

Section 922(g)(1) provides:

"It shall be unlawful for any person...who has been convicted in any court of [ ] a crime punishable by imprisonment for a term exceeding one year... to Ship or transport in interstate or foreign Commerce, or possess in or affecting Commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been Shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1)

The Second Amendment protects "the right of the people to keep and bear Arms." U.S. Const. Amend. II. The Amendment "guarantee[s] the individual right to possess and carry weapons in Case of Confrontation." Dist. of Columbia v. Heller, 554 U.S. 570, 592 (2008)

"The Supreme Court's decision in Bruen set out "the standard for applying the Second Amendment as follows:

[W]hen the Second Amendment's plain text covers an individuals conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical traditions may a court conclude that the individual's conduct falls outside the Second Amendment's "Unqualified Command." N.Y. State Rifle & Pistol Ass'n v. Bruen, 142 S.Ct. 2111, 213 L.Ed.2d 387 (2022)

## II. ARGUMENT

### A. Introduction.

The Second Amendment's plain text covers the conduct proscribed by Section 922(g)(1), and the Government cannot and has yet to meet its burden of establishing that this application of Section 922(g)(1) is consistent with the Nations historical tradition of fire arm regulation Section 922 (g)(1) is therefore unconstitutional as applied to Mr. Cooper.

### B. The Second Amendments Plain Text Covers Possession.

Applying Bruen's standard, the Second Amendment's plain text covers the "possess[ion]" of a firearm that Section 922(g)(1) criminalizes. 18 U.S.C § 922(g)(1). The term "[K]eep arms was simply a common way of referring to possessing arms" Heller, 554 U.S. at 583

Mr. Cooper is a citizen of the United States and therefore one of "the people" under the Second Amendment's plain text. See Heller, 554 U.S. at 581 (noting that Second Amendment right "belongs to all Americans") Id. at 580 (quoting prior decision describing "the people" as the class of persons who are part of a national Community or who have otherwise developed sufficient connection with this Country to be considered part of that Community") See also, eg., U.S. Const. amend. I (using "The people" in Assembly – and – Petition clause); U.S. Const. amend. IV (using "the people" in Search—

and-Seizure Clause). Bruen reiterates that the Second Amendment guarantees to "All Americans" the right to keep and bear arms. 142 S. Ct. at 2156 (quoting Heller, 554 U.S. at 581).

Because the Second Amendments plain text covers Mr. Cooper's past conduct which he was convicted and served his conviction, the Second Amendment "presumptively protects" that conduct. Bruen, 142 S. Ct at 2129-30.

C. This Application of Section 922(g)(1) is not Consistent with the Nations Historical Tradition of Firearm Regulation.

The Government cannot and has yet to meet its burden of establishing that Section 922(g)(1), as applied to Mr. Cooper, is "consistent with the Nations historical tradition of firearm regulation." Bruen, 142 S. Ct, at 2129-30. Indeed, the Fifth Circuit has stated "the federal felony firearm possession ban, 18 U.S.C. § 922(g)(1), 'bears little resemblance to laws in effect at the time the Second Amendment was ratified.' as it was not enacted until 1938, was not expanded to cover non-violent felonies until 1961, and was not refocused from receipt to possession until 1968." Nat'l Rifle Ass'n of Am., 700 F.3d at 196 abrogated by Bruen, 142 S. Ct. 2111 (quoting United States v. Booker, 644 F.3d 12, 23-24 (1st Cir. 2011).

Then-Judge Barrett and other jurists have likewise concluded that "Founding-era legislatures did not strip felons of the right to bear arms simply because of their status as Felons." Kanter v. Barr, 919 F.3d 437, 451 (7th Cir. 2019) (Barrett, J., dissenting); See, e.g., Id. at 453-64 (surveying history); Heller v. Dist. of Columbia, 670 F.3d 1244, 1253 (D.C. Cir. 2011) ("[S]tates did not start to enact [Felony-based prohibitions on possession] until the early 20th century."); Folajtar v. Att'y Gen. of U.S., 980 F.3d 897, 914 (3d Cir. 2020) (Bibas, J., dissenting) ("[T]he issue of disarming felons is open. Precedent does not settle its historical limits. Rather, we must analyze the history ourselves and ask: Were all felons, dangerous and nondangerous alike, equally excluded from Second Amendment? No, they were not.") United States v. McCane, 573 F.3d 1037, 1048 (10th Cir. 2009) (Tymkovich, J., Concurring) ("[M] ore recent authorities have not found evidence of longstanding dispossession laws").

Numerous Scholars, too, have concluded that "no colonial or state law in eighteenth century

America formally restricted the ability of felons to own firearms." See, e.g., Larson, supra, at 1374; C. Kevin Marshall, Why Can't Martha Stewart Have a Gun? 32 Harv. J. L. & Pub. Pol'y 695, 698 (2009) (observing that such prohibitions have their origins in the twentieth century).

D. Bruen's Holding Governs.

Bruen's holding must prevail over Heller's dictum. The Supreme Court held in Heller did "not undertake an exhaustive historical analysis" when it stated — in dictum, and without citation — that nothing in [its] opinion should be taken to cast doubt on long standing prohibitions on the possession of firearms by felons," furthermore, as mentioned through this motion, the Government has yet to show that Section 922(g)(1) is consistent with the Nation's "historical tradition of firearm regulation." In addition, other Court's have applied or are considering application of Bruen to strike down parts of 922. For example, a panel of the third circuit ~~by two~~ recently upheld the Constitutionality of §922(g)(1) post Bruen; however, the third circuit had vacated that opinion and set out to hear the case en banc. Range v. Att'y Gen. United States, 53 F. 4th 262, 285 (3d cir. 2022), opinion vacated and rehearing en banc granted, 56 F. 4th 992 (2023). The third Circuit then issued an en banc decision in Range v. Attorney General, 69 F. 4th 96 (3d Cir. 2023). The majority opinion, authored by Judge Hardiman and joined by eight judges, holds that Bryan Range remains among "the people" protected by the Second Amendment despite his false statement conviction, and "because the Government did not carry its burden of showing that our Nation's history and tradition of firearm regulation support disarming Range," Section 922 (g)(1) violates the Second Amendment as applied to Range Id. at 98. As a result of, The Same Circuit found § 922(g)(1) to be unconstitutional after Range and Bruen in United States v. Ayinda Harper, Crim. No. 1:21-CR-0236 (sept. 2023 3d cir). Also in United States v. Bullock, No. 3:18-CR-165, 2023 WL 4232309 (S.D. Miss. June 28, 2023), the district court reached the same conclusion with respect to the defendant, who had a prior conviction for aggravated assault and manslaughter. After a detailed and thorough analysis of Second Amendment precedent and the arguments presented by the parties, the court determined that Section 922 (g)(1) charge must be dismissed because the Government failed to carry it's burden of

establishing that a historical tradition supports a lifetime criminalization of the defendant's possession of a firearm. Id. at *6-31. And Also the Fifth Circuit Court of Appeals has determined that Section 922(g)(8), which criminalizes the possession of firearms for a person subject to a domestic violence restraining order, fails the history and tradition test in Bruen and thus violates the Second Amendment United States v. Rahimi, 61 F. 4th 443, 448 (5th Cir. 2023)(granting a facial challenge to the section of the Statute). The Supreme Court granted Certiorari in this case on June 30, 2023. United States v. Rahimi, —U.S.—, 143 S.Ct. 2688, —— L.Ed.2d —(2023). In addition, the Fifth Circuit Court of Appeals granted a defendant's as-applied challenge to Section 922(g)(3), which criminalizes the possession of a firearm for unlawful users of a controlled substance, because that Section, too, failed the history and tradition standard in Bruen. United States v. Daniels, 77 F. 4th 337, No. 22-60596, 2023 WL 5091317 (5th Cir. Aug. 9, 2023)

## III. Conclusion

Under Bruen's "standard for applying the Second Amendment," the Second Amendment's plain text covers Mr. Cooper's possession of a firearm. The Government has yet to meet its burden of demonstrating that this application of Section 922(g)(1) is Consistent with the Nation's historical tradition of firearm regulation. And so, Section 922(g)(1) is unconstitutional as applied to VIRGIL COOPER, And so as a result he asks the Court Respectfully to Terminate his probation from his conviction of 922(g)(1).

WHEREFORE, Mr. COOPER respectfully asks this Court to grant his motion to terminate Probation.

Respectfully Submitted

Virgil Cooper