PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CASE NO. 1:14-CR-438-2 |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| VIRGIL COOPER, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 192] |
| | ) | |

Before the Court is Defendant's Motion to Terminate Probation (ECF No. 192). Having considered the applicable law and filing, the Court denies the Motion.

**I.    Background**

In July 2015, Defendant was sentenced to a 120 month term of imprisonment and a three year term of supervised release as to Count Two of the Indictment in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF No. 61. Defendant's term of supervised release began on May 12, 2023. ECF No. 185. In August 2023, a violation report was issue that indicated Defendant had received a new law violation and had traveled outside of the Northern District of Ohio without permission of the Court. ECF No. 185. An arrest warrant was issued in August 2023. ECF No. 188. Defendant is currently awaiting trial for two counts of conspiracy to distribute a controlled substance in the United States District Court for the Middle District of Florida, set for July 1, 2024. ECF No. 194.

Defendant has filed a Motion to Terminate Probation (ECF No. 192), arguing that because 922(g)(1) is not consistent with this nation's historical tradition of firearm regulation, it

(1:14-CR-438-2)

is unconstitutional as applied to him.  ECF No. 192 at PageID #: 1547.  Accordingly, Defendant requests the Court to terminate his term of supervised release.  ECF No. 192 at PageID #: 1547.

II. Discussion

Defendant argues his term of supervised release should be terminated because his underlying conviction is unconstitutional.  Defendant's argument is unavailing.

This Court is bound by the precedent of the Supreme Court of the United States and the Sixth Circuit Court of Appeals.  Today that precedent holds the restriction on gun ownership by convicted felons placed by § 922(g)(1) is constitutional.  *In re Clark*, No. 23-1401, 2023 U.S. App. LEXIS 30481 (6th Cir. Nov. 15, 2023); *United States v. Vaughn*, No. 23-5709, 2023 U.S. App. LEXIS 25818 (6th Cir. Sept. 28, 2023).  The Court adheres to this guidance and applies it to Defendant, who has undisputed prior felony convictions.

In *District of Columbia v. Heller*, the Supreme Court held that the Second Amendment protects a "law-abiding, responsible citizen'[s]" right to keep and bear arms regardless of militia service.  554 U.S. 570, 635 (2008).  Notably, the Court stated: "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill . . . ."  *Id.* at 626.  Relying on *Heller*, the Sixth Circuit then ruled that Second Amendment rights of felons are limited.  *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010) (citing *Heller*, 554 U.S. at 626).  A few months later, in *McDonald v. City of Chicago*, the Supreme Court reiterated that "the Court's holding [in *Heller*] did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons and the mentally ill . . . We repeat those assurances here."  561 U.S. 742, 786 (2010).

(1:14-CR-438-2)

Most recently, in *Bruen*, the Supreme Court pruned[1] the analysis for determining the constitutionality of firearm regulation, but ultimately, the majority of Justices affirmed "certain reasonable, well-defined restrictions" on the right to bear arms. *New York State Rifle & Pistol Association, Inc., v. Bruen*, 597 U.S. 1, 70 (2022). Since *Bruen*, the Sixth Circuit has reasserted § 922(g)(1)'s constitutionality and the validity of its pre-*Bruen* precedent. *See United States v. Vaughn*, No. 23-5790, 2023 U.S. App. LEXIS 25818 at *3 (6th Cir. Sept. 28, 2023) ("[w]e unambiguously held in *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010), that felon-in-possession statutes do not violate the Second Amendment, and *that remains the binding law in this circuit*.") (emphasis added); *In re Clark*, No. 23-1401, 2023 U.S App. LEXIS 30481 at *3 (6th Cir. Nov. 15, 2023) (stating "*Bruen* did not 'cast doubt on longstanding prohibitions on possession of firearms by felons.'") (citing *Bruen,* 142 S. Ct. at 2162 (Kavanaugh, J., concurring) (additional citations omitted). Both *Vaughn* and *Clark* are unreported[2] but serve as fairly recent illustrations of the Sixth Circuit's steadfast commitment to *Carey* post-*Bruen*.[3] Therefore, the

---

[1] The Court stated:

When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

[2] In *Clark*, the Sixth Circuit denied a motion to file a successive petition collaterally attacking a criminal conviction.

[3] The number of district courts within the Sixth Circuit following this precedent further persuade the Court. *See, e.g., United States v. Coleman*, No. 5:23-cr-00387, 2023 WL 7704966 *3 (N.D. Ohio Nov. 15, 2023); *United States v. Brown*, No. 1:22-cr-704, 2023 WL 732335 *2 (N.D. Ohio Nov 7, 2023); *United States v. Haywood*, No. 22-20417, 2023 WL 36699333 *1-2 (E.D. Mich. May 25, 2023); *United States v. Taylor*, No. 1:23-

(1:14-CR-438-2)

Court remains bound by *Carey's* affirmation of § 922(g)(1)'s constitutionality, despite Defendant's attempt to persuade the Court otherwise.

Defendant's as-applied challenge, therefore, fares no better. As indicated above, Defendant was previously convicted of burglary, felonious assault with firearm specifications, and rape. All three convictions were felony offenses. Such crimes are violent and dangerous and not sufficient fuel for the sort of exception made by the Third Circuit's ruling against § 922(g)(1)'s constitutionality. *See Range v. AG United States*, 69 F.4th 96 (3d Cir. 2023) (*en banc*) (finding § 922(g)(1) unconstitutional as applied to defendant previously convicted of making a false statement for food stamps). The Court rejects Defendant's as-applied challenge as inconsistent with the Sixth Circuit's precedent disarming felons convicted of violent crimes. *United States v. Goolsby*, No. 21-3087, 2022 WL670137 at *3 (6th Cir. Mar. 7, 2022) (citing *Kanter v. Barr*, 919 F.3d 437, 451 (7th Cir. 2019) (Barrett, J., dissenting)).

### III. Conclusion

For the reasons above the Court finds the underlying conviction under 18 U.S.C. § 922(g) constitutional. Accordingly, the Court denies Defendant's Motion to Terminate Probation (ECF No. 192).

IT IS SO ORDERED.

| | |
|---|---|
| June 3, 2024 | /s/ *Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

cr-289, 2023 WL 5957107 at *3 (N.D. Ohio Sept. 12 2023); *United States v. Bluer*, No. 22-cr-20557, 2023 WL 3309844, at *6 (E.D. Mich. May 8, 2023); *United States v. Davis*, No. 5:19-cr-159, 2023 WL 373172 at *2 (E.D. Ky Jan. 24, 2023). While Defendant presented contrary rulings, none are within the Sixth Circuit.

4